**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-20414
_____


GREGORY P. COUNTIE; ET AL.,

                                        Plaintiffs,

GREGORY P. COUNTIE, RENE CALDERON,
MICHAEL MACHA, RICK HOLTSCLAW, NATIVIDAD
VASQUEZ, ROBERT C. NELSON, AND CHRIS YORLOFF,

                                        Plaintiffs-Appellants


VERSUS


CITY OF HOUSTON,

                                        Defendant-Appellee.
------------------------------------------------------------------


_____
No. 01-20519
_____


DOROTHY A EDWARDS; AFRO-AMERICAN POLICE OFFICERS LEAGUE; HOUSTON
POLICE ORGANIZATION OF SPANISH SPEAKING OFFICERS; LIONEL AARON;
BENNIE CONWAY; CLEMENT B CROSBY, JR; JOSE A GARCIA; RICHARD C
GARCIA; MARIA L GUILLORY; ANTHONY R JAMMER; CHARLES A MCCLELLAND;
SILAS MONTGOMERY, JR; CLYDE PHILPOTT; CARL WAYNE REED; RICHARD M
SPENCER; BRUCE D WILLIAMS,

                                        Plaintiffs-Appellees

VERSUS


CITY OF HOUSTON; ET AL.,

                                        Defendants

CITY OF HOUSTON,

Defendant-Appellee

VERSUS

HOUSTON POLICE PATROLMEN'S UNION, AND THE INDIVIDUAL PEACE
OFFICERS IDENTIFIED IN APPENDIX A, an affiliate of the
International Union of Police Associations AFL-CIO, Local 109;
HARIL WALPOLE; FRANK L ADAMEK; JOE M ALDACO; WILLIAM E BAKER;
T BARANKOWSKI; JERRY A BRISCOE; RONNIE P BROOKS; GREGORY P
COUNTIE; J DEVEREUX; RUSSELL FEUSSEL; BARBARA GASTMYER; JAMES
KLEIN; DONALD KLEPAC; STEVEN MCCREARY; DONNIE PARDUE; JAMES
PRITCHARD; L N RACKLEY; J R ROBERTS; JACKIE SHALLINGTON; DENNIS
SPRADLIN; STANLEY STEPHENS; B G WILLOUGHBY; THOMAS ZIELINSKI;
JEFFREY E BICKEL; MONTY T BRADNEY; JEFFREY L HATFIELD; SCOTT A
MORROW; ROY P MOODY; ARTHUR OSBORNE; CHERI A PAGE; VINCENT C
RUSSO; W J WISSEL, JR; HOUSTON POLICE OFFICERS' UNION,

Intervenors-Plaintiffs-Appellants

Appeals from the United States District Court
for the Southern District of Texas
(98-CV-1600 & 92-CV-2510)

August 19, 2002

Before JOLLY, DeMOSS, and PARKER, Circuit Judges

PER CURIAM:[*]

In 1975 and 1976, two groups of plaintiffs brought suit
against the City of Houston, Texas, under the captions *Kelley v.
Hofheinz* and *Comeaux v. City of Houston*. The suits alleged, *inter
alia*, that the promotional examinations used by the Houston Police

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Department ("HPD") were racially discriminatory. *Comeaux* was consolidated into *Kelley* and settlement discussions continued, unsuccessfully, until 1983, when the suit became dormant for several years. In 1992, a group of African-American and Hispanic-American police officers moved to intervene in *Kelley*, alleging that they had been harmed by racially discriminatory promotional examinations for the ranks of Sergeant and Lieutenant in the HPD. Ultimately, the district court directed those officers to file a new lawsuit. They did so on August 19, 1992, under the caption *Edwards v. City of Houston*. The remainder of the original *Kelley* plaintiffs were then consolidated therein.

The *Edwards* action alleged that the examinations had the effect of disproportionately excluding African-Americans and Hispanic-Americans from promotion to Sergeant, and African-Americans from promotion to Lieutenant, from 1982 onward. The plaintiffs sued on their own behalf and on behalf of others similarly situated or who would be competing for promotions to each rank in the future. Settlement negotiations between the plaintiffs and the City of Houston began in the fall of 1992 and culminated in a proposed Consent Decree. Before a fairness hearing could be conducted by the district court, various other police officer groups sought to intervene, including the Houston Police Patrolmen's Union and others. The district court denied the motion to intervene but allowed the putative intervenors to cross-examine

witnesses, present evidence, and raise objections to the proposed Consent Decree during a fairness hearing.

On March 25, 1993, the district court certified a class consistent with the plaintiffs' complaint and entered a final Consent Decree. The Consent Decree included, *inter alia*, the provisions that (1) African-Americans and Hispanic-Americans who took the Sergeant exam from January 1, 1982, to that date, and who passed at least one such exam, would receive a total of 96 remedial promotions; (2) African-Americans and Hispanic-Americans who took the Sergeant exam from January 1, 1982, to that date, and who were promoted after a discriminatorily long period delaying their ability to compete for Lieutenant promotions, would receive five remedial promotions to Lieutenant; and (3) African-Americans who took the Lieutenant exam from January 1, 1982, to that date, and who passed at least one such exam, would receive a total of five remedial promotions.

Several of the putative intervenors appealed the Consent Decree and the denial of their motion to intervene. A panel of this court affirmed the district court. We then re-heard the case *en banc* and concluded that the intervention should have been allowed. *See Edwards v. City of Houston*, 78 F.3d 983 (5th Cir. 1996)(*en banc*). On remand, the district court converted the Consent Decree into an interim order which permitted, but did not require, the City of Houston to make remedial promotions in an

3

"acting capacity," leading to full pay and recognition for the promotions, but not seniority or retirement benefits. On February 19, 1997, the City of Houston created, by ordinance, 18 Sergeant and two Lieutenant positions. In accordance with the Consent Decree, 16 of the Sergeant positions were reserved for and filled by African-American and Hispanic-American police officers.

In May 1998, non-promoted HPD members filed a new suit in *Countie v. City of Houston*, claiming reverse discrimination. The district court[1] granted summary judgment to the City of Houston concluding that the *Countie* plaintiffs could not prove their *prima facie* case of discrimination because they were not qualified for the positions and, alternatively, that their claims were barred by 42 U.S.C. §§ 2000e-2(n). *See Countie*, No. H-98-CV-1600 (S.D. Tex. Mar. 30, 2000)(Order on cross-motions for summary judgment).

The *Countie* plaintiffs appealed. Before we heard oral arguments, the district court in *Edwards* entered a final Consent Decree, which made permanent the City of Houston's 16 interim promotions. *See Edwards*, No. H-92-2510 (S.D. Tex. Apr. 2, 2001)(Final Consent Decree). The Houston Police Patrolmen's Union and other interested parties then appealed that ruling.

We consolidated the various actions and heard oral argument from each of the parties.

---

[1] The *Countie* suit was also filed in the Southern District of Texas, Houston Division, but was presided over by a different district judge than in the *Edwards* proceedings.

We review a district court's determination of a Title VII Consent Decree for abuse of discretion. *Williams v. City of New Orleans*, 729 F.2d 1554, 1559 (5th Cir. 1984). This is particularly true where the district court has been involved in the negotiations arriving at the proposed Consent Decree, such as by conducting fairness hearings and hearing evidence presented by the parties and intervenors. *Id*. at 1558-59. Although voluntary settlement of Title VII employment discriminations suits is preferable, a district court cannot summarily approve such a settlement without making an independent decision concerning the fairness of every provision in the Decree. *Id*. at 1559. "This requires a determination that the proposal represents a reasonable factual and legal determination based on the facts of the record, whether established by evidence, affidavit or stipulation." *Id*. When third parties are involved, the effect of the Decree on those parties can be "neither unreasonable nor proscribed." *Id*. at 1560.

Based on our review of the opinion of the district court, the briefs, and the record, and having heard oral argument, we are of the opinion that the district court did not abuse its discretion. For the reasons stated by the district court, we AFFIRM the Consent Decree in *Edwards*. This affirmance renders MOOT any matter pending in *Countie*.